Mr. Justice Colcock
delivered the opinion of the Court)
There is no doubt that if Ihe note in this case was given after the dissolution of the co-partnership, and tht plain • tiff had notice of it, that the firm are not bound. An authority to one of a co-partnership to settle the affairs, receive and pay the debts, does not warrant him-to draw a bill, or give a note in the co-partnership’s name, (Chitty on Bills, Story's edit. p. 35.) The only question then is, whether the notice in this case was sufficient. The rule contended for by the plaintiff’s counsel, of a special notice to each person who has had dealings with the copartnership, is too broadly laid down: it cannot be supported either by reason or authority. If the dealings had been extensive, it is not saying too mneiff to say that it would be impossible. All that is meant in laying down a rule is this, that the public notice in the Gazette shall be conclusive on those who have had no dealings with the co-partnership. But as to such as have had dealings, it shall not be so considered, unless, under circumstances, it appear satisfactorily to the jury, that it operates as a notice to the party. The rule can not jmean any thing so absurd, as that one who has had dealings with a co-partner-* ship, may not read their advertisement in a newspaper, as well as one who never had such dealings. Reason would seem to say in such a case, that after the long established practice of advertising the dissolution of co-partnerships, those who would be most affected by such dissolutions, would be most apt to look to the usual source of information on the subject. But on the present occasion, when we look to the situation of the parties, the length of time from the advertisement to the date of the note, the nature-; of the transaction as proved by the plaintiff himself, the-form of the signature, combined with the notice in the Gazette, there is no room to doubt but that the plaintiff *19 knew of tbe dissolution oí the co-partnership. The pap* ties both lit ed in the city of Charleston. The advertisement announcing the dissolution of the co-partnership was dated 3d April, 1813, and the note the 15th May, 1815.— Upwards of two years had been afforded to the plaintiff to acquire this knowledge. When we look to the nature of the transaction, it is conclusive. The defendants were indebted to plaintiff for large advances of cash. It was in the nature of a bank transaction; the notes to be renewed every sixty days, and the note is signed per John Walton. Can it be believed that the plaintiff would be ignorant of so important a fact in relation to persons so largely indebted, and that too for the loan of money ? Is not the mode of signature unusual ? It certainly is; for there are but two ways of signing a copartnership's name, one by'writing the name itself, and another by signing the name of the co-partner who makes the note, and saying, for himself and the firm. And Mr. Chilly says, one of these should be pursued, as otherwise it might be doubtful whether it would bind the partner. (Chitty on Bills, p. 36.)
But there can be .no doubt that the circumstances mentioned, together with the advertisement, were proper evidence to be submitted to the jury to prove the fact of the dissolution of the có-partnership, and the knowledge of it by the plaintiff; and as they have deemed them satisfactory, the Court will not disturb the verdict.
The motion is dismissed.
Justices Nott, Johnson, Huger and Gantt, concurred.